No. 1927.—Succession of GEORGE WELLING—On opposition of ELIZA A. DARNEAL and children.

The assets of a partnership of which the deceased was a member cannot be made liable for the privileged claim of one thousand dollars allowed by the statute of 1852 to the widow and heirs of the deceased partner, until the debts of the partnership are paid and a division of the assets are made between the partners. The decision in the succession of Cyrus W. Stauffer (*ante* page 520), reaffirmed.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *C. Roselius & Alfred Phillips*, for administrator, appellant. *Cotton & Levy*, for widow and heirs, appellees.

LUDELING, C. J. The appellees oppose the account of the administrator and claim the benefit of the homestead act of 1852, which grants to the widow or legal representative of the children of the deceased one thousand dollars out of his succession, if they be in necessitous circumstances.

The deceased left *individual* property which realized *one hundred and twenty-two dollars and forty-nine cents*. This was absorbed by the privileged debts *due by the succession*.

The fund now sought to be distributed arises from *partnership* property. The individual members of the firm have only a residuary interest after the copartnership creditors have been paid, and the firm being insolvent, no part of these funds entered into the succession,

We had occasion to decide this recently in the succession of Cyrus W. Stauffer. 21 An. 520.

For the reasons stated in that case, it is ordered that the judgment of the District Court recognizing the claim of Eliza A. Darneal and children as a privileged claim be avoided and reversed, and it is ordered that their opposition be dismissed with costs in both courts.

Mr. Justice Wyly dissenting. See dissenting opinion in the succession of Cyrus W. Stauffer published at page 604 of these reports.